Filed 10/20/25  P. v. Young CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B338309 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA018690-01) |
| v. | |
| SURI SANAKABIS YOUNG, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline H. Lewis, Judge.  Dismissed.

Lauren Noriega, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Zuri Sana Kabisa Young[1] appeals from the trial court's order declining to resentence him under Penal Code section 1172.1.[2]  Because the order is not appealable, we dismiss the appeal.

**FACTUAL AND PROCEDURAL BACKGROUND**

In October 1993, Young was convicted by plea of four counts of attempted murder (§§ 664, 187, subd. (a)); two counts of second degree robbery (§ 211); two counts of shooting at an occupied vehicle (§ 246); evading a police officer (Veh. Code § 2800.2); exhibiting a weapon to a police officer to resist arrest (§ 417.8); possessing a firearm as a felon (§ 12021, subd. (a)); and being a convicted person with a concealed firearm in a vehicle (§ 12025, subd. (a)(1)).  Young was sentenced to a total term of 16 years in state prison.

In April 2024, Young filed a form request for recall of sentence and resentencing pursuant to Assembly Bill 600 and section 1172.1.  The trial court issued an order stating it had reviewed and considered Young's petition and "[n]o further action [would] be taken."

Young appealed.  His appointed appellate counsel filed a brief recognizing courts of appeal have found "similar orders" nonappealable, raising no issues, and requesting we follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216. Young filed a supplemental brief, asserting there were "multiple violations/errors of facts and law by the lower courts bias,

---

[1]     Young asserts his name was misspelled in the trial court's order and the correct spelling of his name is "Zuri Sana Kabisa Young."

[2]     All further statutory references are to the Penal Code unless otherwise stated.

corruption, lawless rulings" (*sic*), including by way of a "clerk/judicial assistant" misspelling his name and the trial court misapplying the law.

## DISCUSSION

We dismiss the appeal as taken from a nonappealable order. Section 1237 generally governs a defendant's right to appeal in criminal cases. Under that section, a defendant may appeal from (1) a final judgment of conviction, and (2) "[f]rom any order made after judgment, affecting the substantial rights of the party." (§ 1237, subds. (a), (b).)

Pursuant to section 1172.1, the "[trial] court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced . . . ." (§ 1172.1, subd. (a)(1).) The court may also act upon the recommendation of various designated correctional or law enforcement authorities. (*Ibid.*) However, "[a] defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (§ 1172.1, subd. (c).) "[A] defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling." (*People v. Hodge* (2024) 107 Cal.App.5th 985, 996.)

Because Young had no right to a ruling, "the trial court's choice not to make one [did] not deprive [him] of any right, much less a substantial one." (*People v. Hodge, supra*, 107 Cal.App.5th

3

at p. 996; see *People v. Brinson* (2025) 112 Cal.App.5th 1040, 1045 ["trial court's decision not to take any action on a section 1172.1 request initiated by a defendant does not affect his or her substantial rights"].) The court's decision to take no action on Young's petition is not appealable, and we must dismiss the appeal.

### DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MORI, acting P.J.

We concur:

TAMZARIAN, J.

VAN ROOYEN, J.**

---

** Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6, of the California Constitution.

4